BEFORE THE SECOND DIVISION, DECEMBER 30, 1952

No. 57010.—Naess, Mejlaender & Co., Inc., and Gurge & Co. v. United States, protest 143496–K (New York).

LAWRENCE, Judge: Merchandise described on the invoice as "Spare parts for main motor of the Norwegian M/S 'Ida Bakke,'" consisting of cylinder liners, slide liners, pistons, and slides, was classified by the collector of customs as machine parts, not specially provided for, and duty was assessed thereon at the rate of 27½ per centum ad valorem in accordance with the terms of paragraph 372 of the Tariff Act of 1930 (19 U. S. C. § 1001, par. 372).

The sole claim in the protest is that "vessels and parts thereof are not subject to the tariff laws and are not subject to duties thereunder. Without prejudice to the citation of further authority, we cite the CONQUEROR, 166 U. S. 110 and C. A. D. 180." The latter citation is the case of *Canadian National Steamship Co., Ltd.* v. *United States*, 29 C. C. P. A. (Customs) 123, to which further reference will be made *infra*.

At the trial, Harold Hervik, the only witness who testified in the case, was called by the plaintiffs. He stated that he had been a machine marine surveyor for 41 years; prior thereto, he had served as a draftsman and, before that, as chief engineer in the Norwegian merchant marine; that in 1947, his firm (Hervik & Beylegaard) performed substantial repairs on the Norwegian motorship *Ida Bakke* at a cost of $180,000; and that the merchandise here under consideration was imported from Norway especially for use on that ship. The witness also testified that the imported items in controversy could be adapted for use on 20 to 30 other ships with engines similar to that of the *Ida Bakke*.

Plaintiffs contend that the M/S *Ida Bakke* is a "vessel" within the meaning of 1 U. S. C. § 3 which provides:

§ 3. "Vessel" as including all means of water transportation.

The word "vessel" includes every description of water craft or other artificial contrivance used, or capable of being used, as a means of transportation on water. (R. S. § 3.)

It is also contended that under the doctrine of the *Conqueror* case, *supra*, a vessel is not subject to the imposition of duties pursuant to the tariff laws. From this, it is argued that as the merchandise at bar consists of parts of such a vessel, it is likewise free of duty.

It is further contended in the brief of plaintiffs "that the instant merchandise is a part of the necessary, integral and indispensable equipment of the M. S. *IDA BAKKE*"; "that they are necessary parts in order to enable the vessel to perform all of the functions for which it was designed"; and "that these parts were actually installed upon the M. S. *IDA BAKKE*." Plaintiffs assert, moreover, that it has been conclusively shown that the imported parts were expressly manufactured for the M/S *Ida Bakke* and were intended to be used on that vessel even though they were suitable for use on 20 to 30 other vessels having the same motive power.

It is also argued by plaintiffs that equipment for a vessel does not necessarily have to come within the limits of the jurisdiction of the United States on board the vessel itself in order to be entitled to entry with freedom from duty; and that neither the vessel nor its equipment should be regarded as imported articles within the meaning of the tariff act for the reason that neither the vessel nor its equipment ever enters the trade and commerce of the United States.

In support of its contentions, plaintiffs cite the cases of *Thornley & Pitt et al.* v. *United States*, 18 C. C. P. A. (Customs) 265, T. D. 44428, and *Canadian National Steamship Co., Ltd., supra*.

Plaintiffs also cite our decision in *Consolidated Water Power & Paper Company* v. *United States*, 23 Cust. Ct. 65, C. D. 1192, relating to the dutiable status of a gasoline winch boat, together with a spare propeller and shaft.

It seems not to be disputed that the M/S *Ida Bakke* is a "vessel" as defined in the code, *supra*, and that under the doctrine of the *Conqueror* case, *supra*, it would occupy the status of a foreign-built vessel when brought into the waters of the United States, and that neither the vessel nor parts of it which were made for and accompanied the ship would be dutiable merchandise. However, a distinction has been drawn by the courts between the treatment of a vessel and the parts which entered into its construction, on the one hand, and repair parts which would be as suitable for use on one ship as on another. These considerations distinguish the *Thornley* case and the *Canadian National Steamship Co., Ltd.*, case, relied upon by plaintiffs.

In the *Thornley* case, *supra*, two pleasure sailing yachts were imported in a dismantled condition, the boats being carried on the decks of the importing vessels, and the spars, sails, and other equipment in the holds. The court held that the yachts in their condition upon arrival were vessels as fully as if they had been completely rigged upon the decks of the steamers before arrival. It appears to have been accepted as a fact that the spars, sails, and other equipment were constructed for the particular yachts upon which they were used.

In the case of the *Canadian National Steamship Co., Ltd., supra*, the question at issue was whether a spare propeller and shaft, which were made especially for the Canadian steamship *North Star* and carried by that vessel to be used only thereon, were parts of the vessel and, therefore, entitled to free entry. In the course of its opinion, the court said:

It is our view that the propeller and shaft in controversy, which could only be used upon this particular vessel, which were made especially for the vessel when it was constructed, and which were carried thereupon until necessity required their removal, are parts of the vessel. * * *

* * * a line has been drawn between merchandise for the repair of a ship, which merchandise was not made for the ship or as a part of the same, and articles which are parts of the vessel. Unquestionably, repair merchandise that would be as suitable for one ship as for another could in no sense be regarded as a part of a particular vessel, and especially does this seem true under certain decisions, if it did not accompany the vessel.

Further, the court observed:

In the instant case, the completed propeller and shaft, made at the time the ship was constructed, intended to be a part of it and no other, and carried from England on the *North Star*, certainly comprise a different class of merchandise than an engine, which, in its completely repaired form, had never constituted any part of the vessel. * * *

The case of *Consolidated Water Power & Paper Company* v. *United States, supra,* differs basically from the case at bar for the reason that the spare propeller and shaft were manufactured as necessary spare parts for the particular boat there in controversy, and, inasmuch as the boat was held to be a vessel within the meaning of section 3 of the United States Code, *supra,* the propeller and shaft which accompanied it were entitled to free entry. The cited cases are, therefore, clearly distinguishable on the basic facts.

Upon the record before us, it is our opinion that this case is controlled by our decision in *A. Johnson & Co., Inc.* v. *United States,* 17 Cust. Ct. 140, C. D. 1034. It was there held that certain spare engine parts of one motorship which were transferred to and installed in a sister ship as replacement parts were properly dutiable as parts of machines, pursuant to the terms of paragraph 372 of the Tariff Act of 1930. The claim of the plaintiff in that case that the articles were integral parts of a vessel and, therefore, not subject to duty under the doctrine of the *Conqueror* case, *supra,* was denied on the ground that repair merchandise as suitable for one ship as for another may not be regarded as part of any particular vessel if it did not accompany the vessel, applying the doctrine of the *Canadian National Steamship Co., Ltd.,* case, *supra.*

For the reasons above expressed, we affirm the decision of the collector herein and overrule the claim of plaintiffs.

Judgment will issue accordingly.